Submitted December 7, 2012, OAR 291-131-0035 held valid December 26, 2013, petition for review denied June 12, 2014 (355 Or 668)

## JACOB HENRY BARRETT,
*Petitioner,*

*v.*

## OREGON DEPARTMENT OF CORRECTIONS,
*Respondent.*

### Department of Corrections
### A150406

317 P3d 406

Jacob Barrett filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Deputy Solicitor General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Petitioner seeks a determination under ORS 183.400 of the validity of OAR 291-131-0035. That rule, promulgated by the Department of Corrections, prohibits inmates from receiving "[s]exually explicit material which by its nature or content poses a threat or is detrimental to the security, good order or discipline of the facility, inmate rehabilitation, or facilitates criminal activity * * *." Petitioner contends that the rule "[v]iolates constitutional provisions," ORS 183.400(4)(a), because it violates his freedom of expression under Article I, section 8, of the Oregon Constitution. Petitioner also asserts that the rule "[w]as adopted without compliance with applicable rulemaking procedures," ORS 183.400(4)(c), because he was not given the notice of rulemaking before the adoption of the rule that was required by Article IV(8) of the Interstate Corrections Compact, ORS 421.245.

In *Wilson v. Dept. of Corrections*, 259 Or App 554, 314 P3d 994 (2013), we rejected a challenge to the validity of OAR 291-131-0035 under Article I, section 8. We concluded that the rule specified a variety of harms, prohibited expression only when it would cause a specified harm, and was not overbroad. Accordingly, we determined that the rule was facially constitutional under *State v. Robertson*, 293 Or 402, 417, 649 P2d 569 (1982) (law that prohibits the accomplishment of harm and specifies the way that the harm might be caused by expression is presumptively constitutional under Article I, section 8, unless the law is overbroad). Because *Wilson* is dispositive of petitioner's constitutional contentions, we reject them.

We also reject petitioner's contentions concerning the insufficiency of rulemaking notice because they are insufficiently developed for review.

OAR 291-131-0035 held valid.